# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00327-MR

| | |
|---|---|
| SAMUEL KEITH PLAYER, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| EDDIE CATHEY, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

## I. BACKGROUND

Pro se Plaintiff Samuel Keith Player ("Plaintiff") is a pretrial detainee at Union County Jail (the "Jail") in Monroe, North Carolina. He filed this action on July 20, 2022, pursuant to 42 U.S.C. § 1983, against Defendant Eddie Cathey, identified as the Sheriff of Union County, in his individual and official capacities.[1] [Doc. 1]. Plaintiff alleges as follows.

---

[1] Plaintiff also purports to bring this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1 at 3]. Bivens, however, provides no relief to Plaintiff here. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. Plaintiff's allegations implicate only a state actor.

Plaintiff was assigned to a top bunk at the Jail. On July 6, 2022, as he attempted to get down from the bunk, which had no stairs or ladder, he lost his grip and slipped off the bunk. Plaintiff landed on an "extended bolt" sticking up off the floor. These bolts hold the chairs in place. When Plaintiff landed on one of the bolts, he "gashed open [his] foot," requiring medical care. [Doc. 1 at 5-6]. Plaintiff alleges that the bolts are dangerous and that the Jail, the Sheriff's Office, and Defendant Cathey knew of and ignored their risk. [Id. at 6].

Plaintiff purports to state claims based on these allegations for violations of the Eighth and Fourteenth Amendments. He also alleges that he "established a claim of negligence." [Doc. 1 at 3, 6]. For injuries, Plaintiff claims he suffered physical injury. [Id. at 7]. For relief, Plaintiff seeks monetary damages and injunctive relief. [Id.].

In his Complaint, Plaintiff also alleges that the Jail has a grievance procedure, but that he did not submit a grievance before filing this action because, "[i]n past experience this Jail only brushes things off if in [the] wrong." [Id. at 8-10]. He also states, "[i]f you want me to try I will. But they don't care." [Id. at 10].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no

4

Case 3:22-cv-00327-MR   Document 7   Filed 08/22/22   Page 4 of 6

question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 Fed. App'x 845, 846 (4th Cir. 2011).

The PLRA, however, does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Rather, failure to exhaust administrative remedies is an affirmative defense. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint[.]" Id. at 683; Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Here, Plaintiff clearly and affirmatively alleges that he did not exhaust his administrative remedies before filing his Complaint. Moreover, Plaintiff

prepared and dated his Complaint the same date as the incident and necessarily mailed the Complaint shortly thereafter. [See Doc. 1 at 13; Doc. 1-1 at 1]. Thus, Plaintiff has affirmatively shown that he did not exhaust the administrative remedy procedure before filing his Complaint. The Court, therefore, will sua sponte dismiss this action without prejudice.[2] See Custis, 851 F.3d at 361.

## IV.    CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED without prejudice** in accordance with the terms of this Order.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 20, 2022

Martin Reidinger
Chief United States District Judge

---

[2] The Court also notes, as Plaintiff considers whether to refile this action after exhausting his administrative remedies, that he has failed to state a claim for relief in any event. There are no Eighth or Fourteenth Amendment violations apparent from Plaintiff's allegations. At best, Plaintiff's allegations may support a claim for negligence, which is not properly brought in this Court.